856 F.2d 202
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MICROSOLVE, INCORPORATED, Appellant,
v.
DEPARTMENT OF JUSTICE, Appellee.
 No. 88-1159.
 United States Court of Appeals, Federal Circuit.
 Aug. 22, 1988.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the General Services Administration Board of Contract Appeals (board), No. 8564-P, denying Microsolve Inc.'s (Microsolve's) protest of the United States Department of Justice, Bureau of Prisons' (DOJ's) award of contract J100C-201 to Intuition, Inc. (Intuition), is affirmed.
 
 OPINION
 
 2
 Microsolve showed no error in the board's contract interpretation. Accepting that "receipt printer" has a meaning in the trade does not mean, as assumed by Microsolve, that Intuition's bid was unresponsive. We agree with the board that "[f]luctional specifications are the preferred method of expressing the user's requirements." See 41 C.F.R. Sec. 201-30.013-1 (1987). Intuition's bid was responsive because, as found by the board, Intuition's modified dot matrix printer fully met the specifications of p C.1.3.10. Microsolve does not contest that board finding. In sum, we, like the board, "do not agree [with Microsolve] that the meaning of the solicitation's language should be restricted to the use of that term in the retail trade when that meaning is more restrictive than the functional requirements implicit in the term."
 
 
 3
 Contrary to Microsolve's allegation, the board's interpretation did not render paragraph C.3.5's requirement of two types of printers "meaningless and inexplicable." Intuition's proposal of standard dot matrix printers for "correspondence quality printers" and modified dot matrix printers for "receipt printers," fully complied with paragraph C.3.5's requirement.*
 
 
 4
 That more than one type of "receipt printer" could meet the contract's specifications does not mean, as alleged by Microsolve, that bidders were not competing on equal terms. DOJ's specifications clearly stated the relevant requirements and allowed bidders flexibility in proposing the best and cheapest system meeting those parameters. We think such a strategy fosters competition. Accepting Microsolve's argument would stifle fair and open competition by discouraging innovative and cost effective solutions.
 
 
 
 *
 Because we agree with the board that Intuition's bid was not shown to be deficient, we need not and do not reach Microsolve's argument that the government illegally "waived" that deficiency